IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul Wright, ) | |
| ) | C.A. No. 6:22-cv-00261-HMH-KFM |
| Plaintiff ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Wells Fargo Bank, NA, ) | |
| Secretary of Veterans Affairs, and ) | |
| Secretary of Education, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] The plaintiff, Paul Wright ("Wright"), proceeding pro se, filed the instant motion seeking a preliminary injunction and a temporary restraining order ("TRO"). (Mot. TRO, ECF No. 5.) In the motion, Wright alleges that he is entitled to a preliminary injunction and/or TRO to prevent the Secretary of Education from resuming collection of his wife's ("Mrs. Wright") federally-guaranteed education loan ("Parent Loan"). (Id. 2, ECF No. 5); (Compl. 5, ECF No. 1.) In his Report and Recommendation, Magistrate Judge McDonald recommends denying Wright's motion for a preliminary injunction and a TRO. (R&R, ECF No. 11.) For the reasons stated below, the court

---

[1] The Recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

adopts the report and recommendation and denies Wright's motion for a preliminary injunction and TRO.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wright alleges that when he defaulted on his mortgage, Mrs. Wright was also in default on the Parent Loan issued by Wells Fargo. (Compl. ¶ 8, ECF No. 1.) Wright contends that he has an indemnity agreement with his wife for the Parent Loan. (Id. ¶ 8, ECF No. 1.) With respect to the foreclosure, Wright alleges that, although he offered a deed in lieu of foreclosure to Wells Fargo, Wells Fargo filed the foreclosure action in South Carolina state court. (Id. ¶ 9, ECF No. 1.) Wright contends that Wells Fargo filed the foreclosure action in violation of an administrative order issued by the South Carolina courts and that Wells Fargo has committed multiple torts in attempting to collect on the mortgage. (Id. ¶¶ 10-11, ECF No. 1.) Further, Wright alleges that because of Wells Fargo's wrongful actions, Wells Fargo and Wright entered into a settlement agreement permitting Wright to tender a deed in lieu of foreclosure in exchange for Wright dismissing any of his potential claims against Wells Fargo. (Id. ¶¶ 12-13, ECF No. 1.)

Wright asserts that after executing the settlement agreement, a deed was provided to Wells Fargo, but Wells Fargo refused to comply with the terms of the settlement agreement. (Id. ¶¶ 14-16, ECF No. 1.) Wright avers that a second settlement agreement was reached after Wells Fargo allegedly breached the settlement agreement and the parties participated in mediation. (Compl. ¶¶ 17-19, ECF No. 1.) According to Wright, as a result of the second settlement agreement, Wright dismissed his affirmative defenses and counterclaims and consented to the foreclosure. (Id. ¶ 19, ECF No. 1.) Wells Fargo waived any deficiency and purchased Wright's

property subject to the mortgage loan at a foreclosure sale. (Id. ¶ 20, ECF No. 1.) Thereafter, the VA paid Wells Fargo as guaranty for the mortgage loan. (Id. ¶ 21, ECF No. 1.) Wright further contends that the Secretary of Education paid Wells Fargo as guaranty for the parent loan in his wife's name. (Id. ¶ 23, ECF No. 1.) Wright submits that in 2018, the Secretary of Education ceased collecting on the parent loan from Mrs. Wright. (Id. ¶ 26 , ECF No. 1.) However, Wright alleges that the collection of the loan is scheduled to resume beginning February 1, 2022. (Compl. ¶ 27, ECF No. 1.) Wright seeks a preliminary injunction and TRO requiring (1) Wells Fargo to remove its claims asserted under the federal guaranty of the mortgage and parent loan and return all funds received, (2) the Secretary of Education to cease collection on the parent loan and refund any money collected, and (3) the VA to restore his eligibility for a VA home loan. (Id. 5, ECF No. 1.)

Wright's complaint and motion for TRO/preliminary injunction were filed on January 27, 2022. (Compl., ECF No.1); (Mot. TRO, ECF No. 5.) On February 1, 2022, Magistrate Judge McDonald issued a Report and Recommendation recommending that the court deny Wright's motion for a TRO/preliminary injunction. (R&R, generally, ECF No. 11.) Wright timely filed objections to the Report and Recommendation. (Objs., ECF No. 13.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. TRO/Preliminary Injunction Standard

Federal Rule of Civil Procedure 65 authorizes the court to issue temporary restraining orders and preliminary injunctions. "The standard for granting either a TRO or a preliminary injunction is the same." Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006)

(citation omitted) (internal quotation marks omitted).  Both are "extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances."  MicroStrategy Inc. v. Motorola Inc., 245 F.3d 335, 339 (4th Cir. 2001). "Indeed, granting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way."  Hughes Network Sys., Inc. v. InterDigital Comms. Corp., 17 F.3d 691, 693 (4th Cir. 1994).  "The traditional purpose of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of the lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."  De La Fuente v. S.C. Dem. Party, 164 F. Supp. 3d 794, 798 (D.S.C. 2016) (internal quotation marks omitted).  The movant bears the burden to establish that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "[E]ven upon this showing, whether to grant the injunction still remains in the 'equitable discretion' of the court."  Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007)

### B. Report and Recommendation

In his Report and Recommendation, Magistrate Judge McDonald recommends denying Wright's motion because he failed to meet the standard for issuance of a TRO or preliminary injunction.  (R&R 2, ECF No.11.)  First, the magistrate judge found that Wright cannot represent his wife and pursue claims on her behalf regarding the Parent Loan.  (Id. 2, ECF No. 11.)  Second, the magistrate judge found that Wright's "claims may be barred in this action

because they were fully litigated in the foreclosure action in state court." (Id. 2-3, ECF No. 11.) Finally, the magistrate judge found that "the fact that the Secretary of Education (or some unknown entity) will resume collection of the parent loan on February 1, 2022, does not make a clear showing of irreparable harm to justify injunctive relief." (Id. 3, ECF No. 11.)

### C. Objections

Wright filed objections to the Report and Recommendation. (Objs., ECF No. 13.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that many of Wright's objections are nonspecific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Wright objects that he can proceed with respect to the Parent Loan on his wife's behalf as her idemnitor and that he has satisfied the standard for issuance of a TRO or preliminary injunction. (Objs. 2-4, ECF No. 13.)

Wright fails to satisfy the requirements for the issuance of a TRO or preliminary injunction. The vague and conclusory allegations contained in Wright's complaint and motion for preliminary injunction fail to clearly show that he is likely to succeed on the merits. He has failed to submit any evidence of the alleged settlement agreements with Wells Fargo. Likewise, he has failed to submit any evidence showing that the Secretary of Education agreed to cease

collecting payments on the Parent loan. Wright also fails to provide any evidence to support his argument that he has the right to pursue his wife's claims with respect to the Parent Loan or to explain how any alleged settlement agreement with Wells Fargo in the state foreclosure action is related to his wife's Parent Loan.[2]

Further, Wright has failed to establish that he is likely to suffer irreparable harm in the absence of preliminary relief. As the United States Supreme Court has explained:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time[,] and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Sampson v. Murray, 415 U.S. 61, 90 (1974). To the extent that Wright alleges that financial hardship warrants a finding of irreparable harm, the Fourth Circuit has refused to find economic harm irreparable absent extraordinary circumstances that are not present in this case. Hughes Network Sys., Inc., 17 F.3d at 694 ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable.") (citations omitted). While Wright also appears to be attempting to assert a violation of due process, "merely asserting a constitutional claim is insufficient to

---

[2] Wright objects that he has a claim with respect to the Parent Loan as the real party in interest because he has indemnified his wife. There is no evidence before the court to show that Wright is the real party in interest. Clearly, Wright, a pro se litigant, may not represent his wife in the prosecution of her claims regarding the Parent Loan. See Myers v, Loudon Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (noting that although an individual has the right to represent himself under 28 U.S.C. § 1654, that right does not "create a coordinate right to litigate for *others*").

trigger a finding of irreparable harm." Talleywhacker, Inc. v. Cooper, 465 F. Supp. 3d 523, 542 (E.D.N.C. 2020), see (Objs. 2, ECF No. 13) ("Renewed collection [on the parent loan] also would deprive me of due process, and my fundamental right to defend myself against physical and psychological injury.").

Accordingly, Wright's objections are without merit as he has failed to satisfy his burden of establishing the requirements for issuance of a TRO or preliminary injunction.

### III. CONCLUSION

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Wright's motion for a preliminary injunction and a temporary restraining order, docket number 5, is denied.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 10, 2022