IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Paul Wright, | ) | C.A. No. 6:22-cv-00261-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Wells Fargo Bank NA, Secretary of | ) | |
| Veterans Affairs, Secretary of Education, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Paul Wright ("Plaintiff" or "Mr. Wright") filed this action *pro se* and *in forma pauperis* seeking a declaratory judgment, injunctive relief, and a temporary restraining order against Wells Fargo Bank NA ("Wells Fargo"), the Secretary of Veterans Affairs, and the Secretary of Education (collectively "Defendants") to enforce a settlement agreement between Plaintiff and Wells Fargo. (DE 1.) On April 6, 2022, the magistrate judge filed the Report, recommending the complaint be summarily dismissed. (DE 27.) For the reasons stated below, the Court adopts the Report and dismisses Plaintiff's complaint.

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Wright, the Court provides this summary of Plaintiff's current action.

Plaintiff defaulted on a Veterans Affairs ("VA") backed mortgage loan issued by Wells Fargo Bank, NA ("Wells Fargo") in connection with his home in Greenville ("Home"). (DE 1, ¶ 7.) Plaintiff alleges that when he defaulted on his mortgage, his wife, Mrs. Wright, was also in default on a parent loan, an education loan guaranteed by the Department of Education ("Parent Loan"), also issued by Wells Fargo. (DE 1, ¶ 8.) Plaintiff also contends that he has an indemnity agreement with his wife for the Parent Loan. (Id.) Plaintiff alleges that he offered a deed in lieu of foreclosure to Wells Fargo, but Wells Fargo filed a foreclosure action in a South Carolina state court ("Foreclosure Action"). (Id. at ¶ 9.) Plaintiff contends that Wells Fargo filed the foreclosure action in violation of an administrative order issued by the South Carolina courts and that Wells Fargo had committed multiple torts in attempting to collect on the mortgage. (Id. at ¶¶ 10-11.) Plaintiff alleges that, due to these violations, he and Wells Fargo entered into a settlement agreement whereby Plaintiff would tender a deed in lieu of foreclosure and he would dismiss any of his claims against Wells Fargo. (Id. at ¶¶ 12-13.) Plaintiff claims that after Wells Fargo breached the first settle agreement, the parties participated in mediation and reached a second settlement agreement. (Id. at ¶¶ 17-19.) Plaintiff contends as a result of the second settlement agreement, he dismissed his affirmative defenses and counterclaims and consented to the foreclosure of the Home. (Id. at ¶ 19.) Wells Fargo then waived any deficiency and purchased the Home at a foreclosure sale. (Id. at ¶ 20.)

Thereafter, the VA paid Wells Fargo as guaranty for the mortgage loan, and the Secretary of Education paid Wells Fargo as guaranty for the Parent Loan in Plaintiff's wife's name. (Id. at ¶¶ 21, 23.) Because the foreclosed Home had a VA guaranty, Plaintiff was deprived eligibility for future VA-guaranteed home loans. (Id. at ¶ 22.) Although the Secretary of Education stopped collecting on the Parent Loan from Mrs. Wright in 2018, Plaintiff alleges that the collection of the loan was set to continue February 1, 2022. (Id. at ¶ 26.)

On January 27, 2022, Plaintiff filed the instant action to enforce the first settlement agreement. (DE 1.) Plaintiff seeks a declaratory judgment asserting the following: that the foreclosure settlement satisfied the mortgage loan, and therefore, Wells Fargo was not entitled to collect on the federal guaranty from the VA; that the VA is a successor in interest to Wells Fargo and is bound by Wells Fargo's release of claims; that Wells Fargo also released its claims relating to the Parent Loan and had no right to collect on the federal guaranty; and that the Secretary of Education is a successor in interest to Wells Fargo and bound by Wells Fargo's release of claims (Id. at pp. 4–5). Plaintiff further seeks an injunction and a temporary restraining order requiring Wells Fargo to remove its claims asserted under the federal guaranty of the mortgage and Parent Loan; requiring the Secretary of Education to stop collection on the Parent Loan and refund any money collected; and requiring the VA to restore Plaintiff's eligibility for a VA home loan (Id. at 5).

## DISCUSSION

Plaintiff purports to make numerous objections. However, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds many of Plaintiff's objections are non-specific or unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation. However, the Court has gleaned the following specific objections to the Report, which are discussed *seriatim*.

First, Plaintiff objects to the Report's finding that "the plaintiff's claims against defendants . . . are barred by *res judicata*." (DE 27, p. 9.) Plaintiff contends *res judicata* does not preclude his current federal claims because he did not seek declaratory or injunctive relief in the Foreclosure Action in state court and because the government was not a party in that action. (DE 32, pp. 1-2.) The Court disagrees. *Res judicata* bars a party from re-litigating *issues* that were or could have been raised in a prior action if there is: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004)

4

(citing Nash County Bd. Of Educ. V. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981). For two suits to share an identity of the cause of action, the claims asserted do not need to be identical; rather, this determination turns "on whether the suits and claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" Id. (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996). Additionally, "the naming of additional parties does not eliminate the *res judicata* effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and *the party against whom the doctrine is asserted* was a party to the former litigation.'" Bedrock Servs. v. Int'l Bhd. of Elec. Workers Loc. Union Nos. 238, 342, 495, 285 F. Supp. 2d 693 (W.D.N.C. 2003) (citation omitted) (emphasis added). Here, Plaintiff's current claims arise out of the same series of transactions and core of operative facts as the Foreclosure Action; therefore, there is a shared identity of the cause of action in both cases. Furthermore, *res judicata* may be asserted *against the Plaintiff*, regardless of the addition of the government as a defendant in the current suit, because the Foreclosure Action was a final judgment on the merits that decided the same issues as the current suit *against the Plaintiff*. In addition, the Report comprehensively addresses Plaintiff's objection; and therefore, Plaintiff's objection is overruled.

Next, Plaintiff objects to the Report's finding that the "[P]laintiff's breach of settlement agreement claims are barred by the statute of limitations." (DE 27, p. 10.) The Report points to S.C. Code § 15-3-530(1), which provides a three-year statute of limitations period for breach of contract claims. (Id.) On the other hand, Plaintiff believes S.C. Code § 15-3-520(b) applies to the facts of this case and provides a twenty (20)-year statute of limitation because the alleged breached settlement agreements were notarized, thus constituting a "sealed instrument." See S.C. Code Ann. § 15-2-520(b) (within twenty years, "an action upon a sealed instrument . . ."). Plaintiff

5

provides two single, notarized signature pages to support his contention. (DE 32, pp. 8-9.) However, no evidence has been presented that the notarized signatures intended to create a sealed instrument. See Carolina Marine Handling, Inc. v. Lasch, 363 S.C. 169, 609 S.E.2d 548 (Ct. App. 2005) (refusing to construe a boilerplate attestation clause, by itself, as evidence of intent to create a sealed instrument because it would "transform the twenty-year statute of limitations into a standard period of limitations for contract actions in this state.") Here, a notary was used to verify the signatures, as the parties were in different states when they signed the settlement agreements, and not used to create a sealed instrument. See S.C. Code. Ann. § 26-1-5(1) (A notary certifies that, at a single time and place, an individual appeared in person, was properly identified, and signed a record while in the physical presence of and observed by the notary.). Therefore, Plaintiff's objection is overruled.

Additionally, Plaintiff objects to the Report's finding that "to the extent Plaintiff's claim is better construed as asserting that he has wrongfully been denied a VA benefit in the form of a VA loan guaranty because of the previously paid guaranty to Wells Fargo, the court is without jurisdiction to address this claim" because "[u]nder the doctrine of sovereign immunity, the United States cannot be sued without its consent." (DE 27, p.13.) Plaintiff contends sovereign immunity does not apply because he seeks "declaratory and injunctive relief against the Secretaries of Education and Veterans Affairs rather than money damages." (DE 32, p. 3.) Plaintiff cites to 5 U.S.C. § 702 and Bowen v. Massachusetts, 487 U.S. 879 (1988) in support of his contentions. Although 5 U.S.C. § 702 does provide for judicial review of agency action in some circumstances when "seeking relief other than money damages," § 702 does not "confer authority to grant relief if any other statute . . . impliedly forbids the relief sought." 5 U.S.C. § 702. Plaintiff seeks injunctive relief "[r]equring the Secretary of Veterans Affairs to restore Mr. Wright's eligibility,

6

as an honorably discharged veteran, for home loans guaranteed by the United States." However, as the Report correctly articulates, review of a VA benefit decision is statutorily restricted to the United States Court of Appeals for Veterans Claims, The United States Court of Appeals, and the United States Supreme Court. <u>See</u> 38 U.S.C. §§ 7252(a)-(c), 7292. Thus, the relief Plaintiff seeks is outside the scope of § 702, and he is barred from seeking a review of a VA benefits decision in a United States District Court. Therefore, Plaintiff's objection is overruled.

Next, Plaintiff objects to the Report's finding that "Plaintiff may not represent his wife in the action and pursue claims" against Wells Fargo and the Secretary of Education with respect to the Parent Loan taken out by his wife. (DE 27, p. 14.) Plaintiff contends that, as his wife's indemnitor, he is a real party in interest and can pursue his own claim regarding the matter. (DE 32, p. 6.) However, this Court has previously rejected Plaintiff's assertion and found "[c]learly, Wright, a pro se litigant, may not represent his wife in the prosecution of her claims regarding the Parent Loan."[2] (DE 19, p. 6.; <u>see also</u> <u>Meyers v. Loudon Cnty. Pub. Sch.</u>, 418 F.3d 395, 400 (4th Cir. 2005).) Plaintiff further objects and claims the magistrate judge erroneously found Plaintiff's contention that the "parent loan is within the scope of the mutual release of claims" to be conclusory. (DE 32, p. 6.) However, the Report makes no such finding; rather, the Report recommends dismissal of Plaintiff's claim regarding the Parent Loan because Plaintiff does not have standing to pursue these claims. (DE 27, p. 14.) Therefore, Plaintiff's objections are overruled.

Finally, Plaintiff objects to the Report's finding that his "claims regarding the VA guaranty against Wells Fargo fail . . . because there is no private right of action for borrows to sue lenders

---

[2] Plaintiff's indemnity argument was previously raised in a motion for a temporary restraining order which was rejected by this Court on February 1, 2022, in an order adopting the magistrate judge's Report and Recommendation.

regarding violations of VA regulations." (DE 27, p. 12.) Plaintiff contends that The False Claims Act "affords that private right of action as *qui tam* realtor." Although a private person may bring a civil action in the name of the Government for certain violations of the False Claim Act, see 31 U.S.C.A. § 3730(b), Plaintiff does not allege any such violations or seek any relief under the False Claims Act in his complaint. Therefore, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that this action is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Joseph Dawson, III

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 23, 2022

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

8